IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | |
|---|---|
| CHRISTINA BAZEMORE, on behalf of Herself and all others similarly situated, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Civil Action No. 3:14-cv-00115-DHB-BKE<br>)<br>) |
| JEFFERSON CAPITAL SYSTEMS, LLC | )<br>) |
| Defendant. | )<br>) |

**AMENDED COMPLAINT - CLASS ACTION**

COMES NOW Plaintiff Christina Bazemore, on behalf of herself and all others similarly situated, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, and files this Amended Complaint-Class Action as follows:

**I. Introduction**

1. This is a consumer class action brought on behalf of individuals subjected to Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. Defendant violated the FDCPA by filing proofs of claims and lawsuits against the putative class members when claims and lawsuits on the debts Defendant was seeking to collect were barred by the statutes of limitations (hereinafter referred to as "time barred debts").

2. This class action lawsuit addresses in part the "deluge [that] has swept through U.S. bankruptcy courts of late. Consumer debt buyers--armed with hundreds of delinquent accounts purchased from creditors--are filing proofs of claim on debts deemed unenforceable under state statutes of limitations." *Crawford v. LVNV Funding, LLC*, 758 F.3d 1254, 1246 (11th Cir. Ala. 2014).

## II.  Jurisdiction and Venue

3. Plaintiff is an adult resident of the State of Georgia, and at the times pertinent to this lawsuit she was a resident of Laurens County, Georgia.

4. Defendant Jefferson Capital Systems, LLC ("Jefferson") is a Georgia limited liability company with a principal address of 16 McLeland Road, St. Cloud, MN 56303. Jefferson Capital may be served by and through its registered agent, CSC Lawyers Incorporating Svc Inc., 40 Technology Parkway South, Suite 300, Norcross, Georgia, 30092. Jefferson is in the business of debt collection targeted at consumers in the State of Georgia, among other states, and it is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

5. As a Georgia limited liability company, Defendant is subject to personal jurisdiction in this Court.

6. Venue is proper in Laurens County under O.C.G.A. § 14-2-510(4) in that the cause of action originated in this County.

## III.  Fair Debt Collection Practices Act

7. Plaintiff incorporates by reference all preceding paragraphs of this Complaint as if fully restated herein and further states as follows:

8. The FDCPA is a consumer protection statute that prohibits false, deceptive, or unfair debt-collection practices.

9. Finding "abundant evidence" of such practices, Congress passed the FDCPA in 1977 to stop "the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a).

10. The FDCPA regulates the conduct of debt-collectors, which the statute defines as any person who "regularly collects . . . debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).

11. Jefferson is a debt collector and thus subject to the FDCPA.

12. Section 1692e of the FDCPA provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Section 1692f states that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." Id. § 1692f.

13. Courts apply a "least-sophisticated consumer" standard to evaluate whether a debt collector's conduct is "deceptive," "misleading," "unconscionable," or "unfair" under the statute. The inquiry is not whether the particular plaintiff-consumer was deceived or misled; instead, the question is "whether the 'least sophisticated consumer' would have been deceived" by the debt collector's conduct.

14. Federal circuit and district courts have uniformly held that a debt collector's threatening to sue on a time-barred debt and/or filing a time-barred suit in state court to recover that debt violates 15 U.S.C. §§ 1692e and 1692f.

15. A debt collector's filing of a time-barred proof of claim or lawsuit creates the misleading impression to the debtor that the debt collector can legally enforce the debt.

## IV.  General Allegations

16. Plaintiff and the proposed Plaintiff Class Members were residents of the states of Georgia, Florida, or Alabama when the Defendant made debt collection efforts against them on time-barred debts.

17. Jefferson has established a practice of filing time-barred proofs of claim in bankruptcy courts and filing lawsuits against debtors on time-barred debts.

18. Absent an objection from either the Chapter 13 debtor or the trustee, the time-barred claim is automatically allowed against the debtor pursuant to 11 U.S.C. § 502(a)-(b) and Bankruptcy Rule 3001(f). As a result, the debtor must then pay the debt from his future wages as

part of the Chapter 13 repayment plan, notwithstanding that the debt is time-barred and unenforceable.

19. In this case, Jefferson filed a time-barred proof of claim January 10, 2014, shortly after debtor Bazemore petitioned for Chapter 13 protection. The proof of claim represents on its face that the debt is a credit card debt that was incurred on November 18, 20015, and that the last payment date on the account was October 5, 2006.

20. The debt asserted against Bazemore was thus time barred effective October 5, 2012.

21. Neither the bankruptcy trustee nor Bazemore objected to the claim.

22. Thus, Jefferson is due to be paid monies from the Chapter 13 estate for the time-barred debt.

### V. Class Action Allegations

23. This action is brought by the Plaintiff individually and as a class action under the provisions of O.C.G.A. § 9-11-23 for damages and injunctive relief.

24. The class of Plaintiffs for whose benefit the named Plaintiff brings this action is defined as follows (referred to herein collectively as the "Plaintiff Class Members"):

> i. All natural persons against whom Jefferson filed a lawsuit or proof of claim in a Chapter 13 bankruptcy case, within one year of the date of this complaint, asserting a time-barred debt, while the person was residing in the states of Georgia, Florida or Alabama (hereinafter the "FDCPA Class Members"); and
>
> ii. All natural persons against whom Jefferson filed a lawsuit or proof of claim in a Chapter 13 bankruptcy case asserting a time-barred debt, while the person was residing in the states of Georgia, Florida or Alabama, and against whom the lawsuit, judgment or proof of claim remains pending and unpaid (hereinafter the "FDCPA Injunction Class Members"); and
>
> iii. All natural persons from whom Jefferson received any payment within one year of the date of this complaint arising from a

lawsuit or proof of claim in a Chapter 13 bankruptcy case, asserting a time-barred debt, while the person was residing in the states of Georgia, Florida or Alabama (hereinafter the "FDCPA Unjust Enrichment Class Members").

25. The pertinent statutes of limitations period, which are applicable to legal actions for debts upon written contracts, are as follows:

    i. Georgia – 6 years

    ii. Florida – 5 years

    iii. Alabama - 3 years

26. Plaintiff and the proposed Plaintiff Class Members were residents of the states of Georgia, Florida or Alabama when the Defendant made debt collection efforts against them on time-barred debts, which debts were pending and unpaid beyond the applicable statutory periods set forth in the preceding paragraph.

27. Jefferson has established a practice of filing time-barred proofs of claim in bankruptcy courts and filing lawsuits against debtors on time-barred debts.

28. The lawsuits and proofs of claims filed by Jefferson are uniform and standard form documents that do not vary in any material form among the Plaintiff Class Members.

29. The identity of the class members can be readily be determined from a ministerial review of the records of the Defendant.

30. The time-barred nature of the debts can be readily determined from a ministerial review of the records of the Defendant.

31. The names and addresses of the Plaintiff Class Members can readily be determined from a ministerial review of the records of the Defendant and through the account statements of the Defendant pertaining to collection of debts or from their bankruptcy court filings.

32. The membership of the class is numerous and joinder of individual plaintiffs is impractical. On information and belief, there are over one hundred Plaintiff Class Members.

33. There are questions of law and fact common to all members of the Plaintiff class, and these common questions of law and fact and their resolution predominate over any individual issues. The principle questions pertinent to the class as a whole include:

    i. Whether the Defendant' established a practice of filing time-barred proofs of claim in bankruptcy courts and filing lawsuits against debtors on time-barred debts violates the provisions of the FDCPA.

    ii. The liability of the Defendant for violation of the FDCPA.

    iii. The appropriate measure of damages and the appropriate remedies.

    iv. The availability of statutory damages under the FDCPA.

    v. The need and appropriateness of injunctive relief.

34. The claims of the named Plaintiff are typical of the claims of the Plaintiff Class Members, which all arise from the same operative facts and are based on the same legal theory, and Plaintiff's assertions of her claims will thus adequately represent those of the Plaintiff Class Members.

35. The named Plaintiff will fairly and adequately protect the interests of the Plaintiff Class Members. Plaintiff has retained counsel with experience in class action litigation, and they are not aware of any interest that might cause them not to vigorously pursue this case.

36. A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder is impracticable. The expense and burden of individual litigation make it virtually impossible for the members of the class to proceed individually, and it is therefore most efficient to resolve all claims based on the Defendant's conduct in one forum. Furthermore, most if not all of the class members are unaware of their

potential claim against the Defendant for violation of the FDCPA, so absent this class action, their rights will not be pursued.

37. The Plaintiff and her counsel are aware of no difficulties that will be encountered in the management of this litigation that would render the action unmanageable. This is not a class action that will require an analysis of the Defendant' conduct as to individual class members.

38. Plaintiff's/Plaintiff Class Members' claims against the Defendant are based on Defendant's general practice of filing time-barred proofs of claim in bankruptcy courts and filing lawsuits against debtors on time-barred debts. The Defendant knowingly engaged in these routine, standard practices, and the practices do not vary among members of the proposed Plaintiff class.

39. The identity and addresses of the Plaintiff Class Members can be determined from the Defendant's records.

40. Prosecution of separate actions by individual Plaintiff Class Members would create adjudications that would be dispositive of the interests of the other members not parties to the adjudication. Plaintiff is not aware of any other pending actions against this Defendant for these same causes of action.

41. Without a class action mechanism, members of the Plaintiff class would be substantially impaired or impeded in their ability to protect their interests. The value of claims of the individual class members would be in an amount that makes prosecution outside of the class action uneconomical.

42. The claims of the Plaintiff and Plaintiff Class Members are meritorious. The named Plaintiff believes she will prevail on the merits based upon the clear, unambiguous statutory provisions and appellate court construction of those statutes.

43. A final judgment on the merits of the named Plaintiff's claims would be fully dispositive of the claims and interests of those similarly situated who are not specifically named as a plaintiff in this action.

## VI. Claims

### Count I -- Violation of the Fair Debt Collection Practices Act/Injunction

44. Plaintiff incorporates each of the foregoing numbered paragraphs as if fully set forth herein.

45. Defendant has filed time-barred proofs of claim in bankruptcy courts and/or lawsuits in other courts based on a time-barred debts against the Plaintiff and Plaintiff Class Members.

46. Defendant's filing of time-barred proofs of claims and and/or filing time-barred suits to recover a debt from the Plaintiff and Plaintiff Class Members violates 15 U.S.C. §§ 1692e and 1692f.

47. Defendant's filing of time-barred lawsuits and/or filing of time-barred proofs of claims creates the misleading impression to the debtors that Defendant can legally enforce the debt.

48. The "least sophisticated" debtor may be unaware that a claim is time barred and unenforceable and thus fail to object to such a claim.

49. Alternatively, filing objections to time-barred claims and opposing time-barred lawsuits consume energy and resources of the Plaintiff and Plaintiff Class Members

50. Defendant's filing of time-barred proofs of claims and/or time-barred lawsuits against Plaintiff and the Plaintiff Class Members was "unfair," "unconscionable," "deceptive," and "misleading" within the broad scope of 15 U.S.C. §1692e and §1692f.

51. Plaintiff and the FDCPA Class Members are entitled to statutory damages arising from the Defendant's violations of the FDCPA, including compensatory damages in the amount of all money recovered from the Plaintiff and Plaintiff Class Members as a result of the Defendant's filing of time-barred lawsuits or claims, statutory damages provided for under the FDCPA, and costs and attorney's fees pursuant to 15 U.S.C. § 1692k.

52. Plaintiff and the Injunction Class Members are entitled to an injunction arising from the Defendant's violations of the FDCPA barring the Defendant from recovering any money as a result of the Defendant's filing of time-barred lawsuits or claims.

### Count II – Unjust Enrichment

53. Plaintiff incorporates each of the foregoing numbered paragraphs as if fully set forth herein.

54. Defendant has filed time-barred proofs of claim in bankruptcy courts and/or lawsuits in other courts based on a time-barred debts against the Plaintiff and Plaintiff Class Members.

55. Defendant's filing of time-barred proofs of claims and and/or filing a time-barred suits to recover a debt from the Plaintiff and Plaintiff Class Members violates 15 U.S.C. §§ 1692e and 1692f.

56. Defendant's filing of time-barred lawsuits and/or filing of time-barred proofs of claims creates the misleading impression to the debtors that Defendant can legally enforce the debt.

57. Defendant is aware that it is not entitled to recover on time-barred debts by filing lawsuit or proofs of claims, and it seeks to unjustly enrich itself through the filing of lawsuit and proofs of claims on time-barred debts.

58. Plaintiff and the Unjust Enrichment Class Members have and/or will confer a nongratuitous benefit upon Defendant by payment to the Defendant to which the Defendant is not entitled.

59. It would be unjust for Defendant to retain the payment when it is fully aware that it has no right to collect on the time barred debts because the claims and/or lawsuits it filed are prohibited by the FDCPA.

60. Plaintiff and the Unjust Enrichment Class Members are entitled to an injunction arising from the Defendant's violations of the FDCPA barring the Defendant from recovering any further money as a result of the Defendant's filing of time-barred lawsuits or claims.

61. Plaintiff and the Unjust Enrichment Class Members are entitled to damages in the amount of all payments made to the Defendant arising from the Defendant's violations of the FDCPA through Defendant's filing of time-barred lawsuits or claims.

## VI.  Prayer for Relief

WHEREFORE, Plaintiff and the proposed Plaintiff Class Members pray for judgment and relief as follows:

a. An order certifying that the action may be maintained as a class action;

b. That the named Plaintiff herein be designated class representative for the Plaintiff Class Members;

c. That Plaintiff's counsel of record herein be designated as class counsel for the Plaintiff Class Members class as defined in this complaint or by this court;

d. Compensatory damages in an amount to be proven at trial, including any damages provided by the FDCPA for the FDCPA Class Members;

e. A temporary, preliminary and/or permanent order enjoining the Defendant from collecting on time-barred lawsuits and bankruptcy proof of claims against the FDCPA Injunction Class Members;

f. A temporary, preliminary and/or permanent order disgorging from Defendant all money collected from filing time-barred lawsuits and bankruptcy proof of claims against the FDCPA Unjust Enrichment Class Members;

g. An order granting Plaintiff her expenses incurred in bringing and prosecuting this action, including attorney fees, expert fees and costs;

h. Pre and post-judgment interest, if applicable;

i. That the Defendant be required to pay all monies referred to herein which relate to the Plaintiff Class Members into a common fund for the benefit of the Plaintiff Class Members, less an incentive award, litigation expenses and attorneys' fees;

j. That the Court conduct a "fairness hearing", after due and proper notice to all Plaintiff Class Members, and make such award of attorneys' fees, litigation expenses and an incentive award for the named Plaintiff as the Court deems appropriate from the common funds (as referenced above) and/or from the Defendant;

k. A trial by jury; and

l. Such other and further relief as the Court may deem just, necessary or appropriate.

| | |
|---|---|
| Dated:  November 11, 2014. | By: */s/ Christopher A. Cosper*<br>CHRISTOPHER A. COSPER<br>Georgia Bar No. 142020<br><br>DAVID E. HUDSON<br>Georgia Bar No. 374450<br><br>**HULL BARRETT, P.C.**<br>Post Office Box 1564<br>Augusta, Georgia 30903-1564<br>Telephone: (706) 722-4481<br>Facsimile:  (706) 706-722-9779<br>CCosper@HullBarrett.com<br>DHudson@HullBarrett.com<br><br>**ATTORNEYS FOR PLAINTIFF AND THE PLAINTIFF CLASS MEMBERS** |

CERTIFICATE OF SERVICE

This is to certify that I have on this day served all the parties in this case in accordance with the directives from the Court Notice of Electronic Filing ("NEF") system which was generated as a result of electronic filing.

This 11th day of November, 2014.

                                         */s/ Christopher A. Cosper*
                                         CHRISTOPHER A .COSPER
                                         Georgia Bar No. 142020
                                         **ATTORNEY FOR PLAINTIFF**

OF COUNSEL:
Hull Barrett, P.C.
Post Office Box 1564
Augusta, GA  30903-1564
(706)  722-4481
ccosper@hullbarrett.com